UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARMAAL SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTIAN PFEIFFER, et al.,<br><br>    Defendants. | No. 1:19-cv-00437-NONE-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE WITHOUT PREJUDICE[1]<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

This matter comes before the court upon initial review of the file, which was reassigned to the undersigned on November 17, 2020. (Doc. No. 17). As more fully set forth below, the undersigned recommends the court dismiss this case without prejudice due to plaintiff's failure to prosecute this action and his refusal to accept the court's order to show cause or update his address of record.

I.     FACTS AND BACKGROUND

Plaintiff Jarmaal Smith is state prisoner proceeding *pro se* and *in forma pauperis* on his civil rights complaint filed under 42 U.S.C. § 1983. (Doc. Nos. 1, 7). On December 10, 2019, the court granted plaintiff's motion to amend his complaint and ordered the amended complaint to be file within thirty (30) days. (Doc. No. 11). Well after the thirty (30) day period expired, the court

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Ca. 2019).

1

issued an order to show cause why the court should not dismiss the case for plaintiff's failure to prosecute and to comply with the court's December 10, 2019 Order. (*See* May 11, 2020 Order, Doc. No. 16 at 1-2). On May 28, 2020, the court's show cause order was returned to the court as "Undeliverable. Return to Sender. Inmate Refused." As of the date of this report and recommendations, Plaintiff has not filed an amended complaint nor has he filed an updated address, to the extent he has been transferred or released as required by Local Rules 182(f) and 183(b). (*See* docket).

## II. APPLICABLE LAW

This court's Local Rules require litigants to keep the court apprised of their current address, specifically providing:

> "[a] party appearing *in propria persona s*hall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

E.D. Cal. Loc. R. 183(b) (2019). Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted) *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."). Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with the court's Rules or any order of court.

Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; (5) the availability of less drastic sanctions. *See Applied Underwriters*, 913 F.3d at 889 (noting court that these five factors "must" be analyzed before a Rule 41 involuntarily dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors

1 and independently reviewing the record because district court did not make finding as to each); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

III. >ANALYSIS

While not entirely clear whether plaintiff refused the court's order to show cause or was not at the institution when it was delivered,[2] plaintiff failed to timely comply with the court's December 10, 2019 order and file an amended complaint and to date has done nothing to prosecute this action. Thus, the undersigned considers each of the above-stated factors and concludes dismissal is warranted in this case. The expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999). Turning to the second factor, the court's need to efficiently manage its docket cannot be overstated. This court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable

---

[2] The court notes the November 17, 2020 order reassigning this case to the undersigned was not returned as undeliverable or refused.

and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). The absence of an amended complaint prevents the court from performing a screening under 28 U.S.C. § 1915A to determine whether plaintiff's claims have any merit. Additionally, the instant dismissal is a dismissal *withou*t prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

Plaintiff has not filed an amended complaint despite having 16 months to do so. The show cause order was undeliverable, either because plaintiff was transferred or refused the order. To the extent plaintiff was transferred, well more than 63 days have passed contrary to Local Rule 183(b). This case has laid dormant for an unwarranted period. After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41(b) and Local Rules 110 and, if applicable, 183(b).

Accordingly, it is RECOMMENDED:

This case be dismissed without prejudice.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: April 30, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4