UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARMAAL SMITH,<br><br>   Plaintiff,<br><br> v.<br><br>CHRISTIAN PFEIFFER, et al.,<br><br>   Defendants. | Case No. 1:19-cv-00437-JLT-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD |

  This matter comes before the Court upon periodic review. As more fully set forth below, the undersigned recommends this case be dismissed without prejudice due to Plaintiff's failure to prosecute this action and timely comply with the Court's orders.

**I. FACTS AND BACKGROUND**

  Plaintiff Smith, a state prisoner, is proceeding pro se on his initial civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1, "Complaint"). Plaintiff's Complaint, filed on April 5, 2019, is 82 pages, 534 paragraphs, and identifies 27 different defendants and 5 "John Does." (*See generally* Doc. No. 1). The Complaint alleges 19 "causes of action" which includes the following claims: violations of the First Amendment for mail tampering and access to the courts; violations

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

of the Eighth Amendment for excessive use of force, failure to protect, failure to supervise, and deliberate indifference to medical care; substantive and procedural due process claims under the Fourth Amendment; and a pendent state law claim for gross negligence. The time period for the various unrelated claims spans from May 28, 2016 to February 24, 2017. The Complaint also incorporates by reference each of the preceding paragraphs making it difficult to ascertain what facts, if any, are alleged against which defendant and for which claim.

On October 11, 2019, Plaintiff moved for leave to file an amended complaint which the Court granted. (Doc. Nos. 10, 11). Plaintiff failed to file an amended complaint and on May 11, 2020, the Court directed Plaintiff to show cause why the action should not be dismissed. (Doc. No. 16). After the show cause order was returned as undeliverable, the Court issued Findings and Recommendations that the case be dismissed due to Plaintiff's failure to prosecute this action, refusal to accept the order to show cause, or update his address of record. (Doc. No. 18, "F&R"). Plaintiff filed objections to the F&R claiming he did not receive the show cause order and advised the Court that he wished to stand on his original Complaint. (Doc. No. 20). The Court withdrew the F&R. (Doc. No. 21).

After withdrawing the F&R, the undersigned issued a screening order on Plaintiff's Complaint on June 9, 2022, finding the Complaint plainly violated Rule 8 of the Federal Rules of Civil Procedure. (Doc. No. 24 at 11); *see also* Fed. R. Civ. P. 8. The undersigned also found that the claims violated Rule 20 because they were not related to claims stemming from related events. (*Id.*); *see also* Fed. R. Civ. P. 20(a)(2). Having found the Complaint deficient and subject to dismissal, the undersigned gave Plaintiff three options: (1) file a first amended complaint, (2) file a notice that he intended to stand on his initial complaint subject to the undersigned recommending the district court dismiss the initial complaint, or (3) file a notice of voluntary dismissal. (*Id.* at 11-12). Plaintiff was given a thirty-day deadline to elect one of the three options. The thirty-day deadline has lapsed and Plaintiff has not elected any of the three options or otherwise moved for an extension of time. (*See generally* docket).

## II.  APPLICABLE LAW

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action

2

when a litigant fails to prosecute an action or fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."). Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with any order of the court.

Involuntary dismissal is a harsh penalty, but it "is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *See Applied Underwriters*, 913 F.3d at 889  (noting that these five factors "must" be analyzed before a Rule 41 involuntary dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each factor); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same five factors, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

### III. ANALYSIS

The undersigned considers each of the above-stated factors and concludes dismissing this case is warranted. The expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990–91 (9th Cir. 1999). Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated. This Court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial

Emergency in the Eastern District of California. The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Delays have the inevitable and inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Attempting a less drastic action, such as allowing Smith an extension to elect one of the three options, would be futile because Smith has been provided ample time to, at the minimum, notify the court which of the three options from the June 9, 2022 Screening Order he would elect and he has failed to do even the bare minimum. (*See* docket). Moreover, this is the second time Plaintiff has not timely complied with a Court's order issued in this case as evidenced by the May 11, 2020 Order to Show Cause and resulting Findings and Recommendations to dismiss for failure to keep the Court apprised of a current mailing address. (Doc. Nos. 16, 18). Thus, it appears granting an additional time would inevitably end in the same result. Finally, the instant dismissal is a dismissal *withou*t prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

Considering these factors and those set forth *supra*, as well as binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41(b) and Local Rule 110.

Accordingly, it is **RECOMMENDED**:

This case be dismissed without prejudice for Plaintiff's failure to prosecute this action after being directed to file an amended complaint.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:  July 25, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE